UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD FORGIONE,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Civil Action No. 13-7721 (JAP)<br><br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders and prosecute his case. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 19, 2013, Defendant removed this breach of insurance contract matter stemming from Hurricane/Superstorm Sandy from the Ocean County Superior Court of New Jersey here. (Notice of Removal; Docket Entry No. 1). On December 23, 2013, the Court scheduled an Initial Conference for February 27, 2014. (Letter Order of 12/23/2013; Docket Entry No. 2). Approximately one month later, because of the large volume of cases involving Sandy-related claims, the Court adjourned the scheduled Initial Conference and exercised its discretion to set a discovery schedule. (*See* Letter Order of 1/29/2014 at 1-2; Docket Entry No. 7) According to the schedule set by the Court, Rule 26(a)(1) disclosures were due within 21 days of the date of the Letter Order, fact discovery was set to close within 120 days of the date of the Letter Order and a telephone conference was scheduled for May 12, 2014. (*Id.*) During the telephone conference, it became clear that an extension of the fact discovery deadline was

1

warranted.  As such, the Court reset the fact discovery deadline for September 30, 2014 and scheduled a status conference to take place earlier that month.  (*See* Minute Entry of 5/12/2014).

During the course of discovery, the Court received correspondence from Defendant, indicating that Plaintiff had failed to respond to Defendant's Initial Interrogatories, First Request for Production of Documents and Second Request for Production of Documents.  (Letter from Charles M. Fisher to Hon. Tonianne J. Bongiovanni of 7/3/2014 at 1).  Defendant requested the Court's assistance in compelling Plaintiff to provide fully responsive answers to the outstanding discovery requests.  (*Id.*)  In response to Defendant's request, the Court entered a Letter Order requiring Plaintiff to appear on July 29, 2014 at 11:00 A.M. to show cause why this matter should not be dismissed based on his failure to provide discovery.  (Letter Order of 7/7/2014; Docket Entry No.).  In said Order, the Court also required Plaintiff to submit a position statement no later than July 24, 2014.

Plaintiff failed to submit the required position statement.  Plaintiff also failed to appear at the Order to Show Cause ("OTSC") hearing.  When no appearance was made, the Court attempted to contact counsel to determine whether he intended to appear at the OTSC.  The Court was informed that counsel was in state court on another matter and, as such, unavailable to participate in the scheduled OTSC.  The Court went forward with the OTSC without Plaintiff or his counsel.[1]

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.  Generally, in

---

[1] A copy of the transcript of the OTSC hearing is available to the parties through CM/ECF.  If counsel experiences any difficulties obtaining same, please contact the undersigned.

determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

While not specifically referenced during the OTSC hearing held on July 29, 2014, the Court considered the *Poulis* factors in determining that It would recommend that this matter be dismissed with prejudice.  The Court supplements its reasoning as set forth on the record with the following specific analysis of the *Poulis* factors:

1. **Plaintiff's Personal Responsibility:**  The Court cannot definitively place the blame for Plaintiff's failure to provide discovery, comply with the Court's Orders and prosecute this matter on Plaintiff.  As the Court noted on the record, the fault here could lie with Plaintiff himself, his attorney or a combination of the two.  (*See* Tr. of 7/29/2014 OTSC at 6:11-12).  As such, the Court finds this factor to be neutral.

2. **Prejudice to Defendant:**  Plaintiff's refusal to participate in discovery and advance his case along with his failure to comply with the Court's Orders has caused manifest

3

injustice to Defendant.  Plaintiff initiated this action and has done essentially nothing since filing the Complaint.  Plaintiff's actions, or, more appropriately, lack thereof, support dismissal of this matter.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:**  Plaintiff has a history of dilatoriness.  Plaintiff failed to timely respond to Defendant's discovery requests.  Even when afforded more time to do so, Plaintiff did not respond.  Further, Plaintiff failed to timely submit the position paper required by the OTSC entered in this matter – in fact, no position statement was ever submitted – and Plaintiff failed to appear at the OTSC hearing.  Plaintiff's inaction in this regard supports the dismissal of his claims with prejudice.

4. **Willfulness or Bad Faith:**  The Court does not on this record find that Plaintiff proceeded in bad faith.  The Court does, however, find that Plaintiff's conduct has been willful.  The record of Plaintiff failing to provide discovery and otherwise failing to comply with the Court's Orders, including the OTSC, supports a finding of willfulness.  It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:**  The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile.  Despite being given additional time to provide discovery, Plaintiff failed to do so.  In addition, despite being warned of the consequences of his continued inaction and being faced with the scheduled OTSC hearing, Plaintiff did not submit a position paper in advance of the hearing, as required by the Court, nor did Plaintiff or his attorney appear at the OTSC hearing.  On these facts, the Court finds that no lesser sanction would be effective.  *See Joyce*

*v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings and Plaintiff's failure to provide any discovery, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, he has failed to take any steps towards advancing same to trial. Plaintiff failed to provide discovery. Plaintiff failed to comply with this Court's Orders, including the OTSC, which required submission of a position paper and an in person appearance. Plaintiff's actions in this regard demonstrate a pattern of non-compliance with his obligations under the Federal Rules of Civil Procedure and an utter failure to prosecute this matter which he initiated against Defendant. As a result and for the reasons stated on the record, this Court respectfully recommends that this matter be dismissed with prejudice.

## Conclusion

The Court having considered this matter pursuant to FED.R.CIV.P. 78 and having given consideration to the *Poulis* factors;

IT IS on this 13th day of August, 2014,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**